Whamt, Judge,
delivered the opinion of the court:
This is a claim for rental allowance alleged to be due a second lieutenant without dependent in the Infantry Air Corps of the Army from May 29, 1931, to August 29, 1931.
The complaint alleges that the plaintiff while serving on active duty as a second lieutenant at March Field, Riverside, California, received special orders relieving him from detail in the Air Corps at March Field and assigning him to duty at Fort Eustis, Virginia, and directed him to report to the commanding officer at San Francisco, California, for temporary duty until he could sail on the transport on August 29,1931, for New York City. In compliance with said orders plaintiff reported to the commanding officer at San Francisco and was assigned bachelor quarters at the presidio. The plaintiff did not occupy the quarters assigned but occupied private quarters in the' city of San Francisco. The plaintiff remained on temporary duty until the transport sailed on August 29, 1931. During the period of temporary duty which plaintiff served at the presidio awaiting the sailing of the Army transport he received no rental allowance. The defendant demurs to the complaint on the ground it appears from the allegations thereof that quarters for which plaintiff claims allowance were duly assigned to him by his commanding officer.
*466 The plaintiff’s right to recover is based upon the act of June 10, 1922, 42 Stat. 625, as amended by the act of May 31, 1924, 43 Stat. 250. Section 6, reading:
“ Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this act, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters.”
$ $ $ $ $
“ No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at Ms permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.” [Italics ours.]
While in San Francisco the plaintiff was not at his permanent station and there is no contention by the defendant that his stay there was permanent. The sole contention is that quarters for a bachelor were assigned him at the presidio and that having been assigned quarters by his commanding officer during his temporary stay at San Francisco he is not entitled to rental allowance for quarters. The act does not so provide but on the contrary it expressly provides no rental allowance shall be allowed in case of assignment of quarters “ at his permanent station ” and the expression of one is the exclusion of the other. We cannot read something into the act which plainly is not there. The Jones ease, 60 C.Cls. 552, 576 is inapplicable. In that case, the officer was at his permanent station.
The demurrer is overruled. It is so ordered.
Williams, Judge; LittletoN, Judge; and GkeeN, Judge, concur.
Booth, GMef Justice, did not hear this case on account of illness and took no part in its decision.